Mark L. Williams, Esq. SBN 022096
LAW OFFICE OF MARK L. WILLIAMS
969 N. Grand Ave. #2
Nogales, AZ 85621
Tel: (520) 287-4500
Email: markwilliamsesq@yahoo.com

Attorney for Defendant
Honorio Haro-Lugo

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United State of America, | ) Case No.: CR23-8001-PCT(SMM) |
|---|---|
| Plaintiff, | ) DEFENDANT'S SENTENCING<br>) MEMORANDUM |
| vs. | ) |
| Honorio Haro-Lugo, | ) |
| Defendants. | ) |

  COMES NOW the Defendant Honorio Haro-Lugo (hereinafter "Honorio"), by and through his undersigned attorney, and hereby respectfully submits his sentencing memorandum.

  Honorio is requesting a sentence of 1 year and 1 day with 3 years of supervised release as a variance.

  The Government also stipulated in the Plea Agreement that if the Defendant requests or the Court authorizes any adjustments or departures other than the two-level departure provided for in the plea agreement the Government may withdraw from the plea agreement; however, nothing in the plea agreement precludes Mr. Honorio arguing for or the Court granting a variance under 18 U.S.C. §3553(a) in support of a sentence below the final advisory Sentencing Guideline range. Plea Agreement, P. 3-4, ¶3(c)(1).

1

As undersigned counsel reads the Plea Agreement, there would be no provision that prevents the Court *sua sponte* from granting any adjustments in Chapters Two, Three, or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines and/or a variance under 18 U.S.C. §3553(a) in support of a sentence below the stipulated ranges in the plea agreement.

An indictment was filed against Honorio on January 3, 2023 for Reentry of Removed Alien 8 U.S.C. §1326(a) and (b)(1). Doc. 10.

On May 31, 2023 Honorio pled guilty to the only charge in the Indictment 8 U.S.C. §1326(a) and (b)(1) pursuant to a written plea agreement. Doc. 30; PSR P. 3, ¶2.

The U.S. Probation Department in the PSR adjusted downward -3 for Acceptance of Responsibility. PSR, P. 4, ¶17 and ¶18.

According to U.S. Probation, Honorio has an adjusted offense level of 16 (PSR, P. 5, ¶19) and a total criminal history score of 2 and is therefore a Criminal History Category II. PSR, P. 5, ¶26.

Honorio has been in custody ever since November, 2022 and as of the date of his sentencing on August 23, 2023 Honorio will have a total of 290 days of time served. PSR, Release Status, P. 1.

**I.**

**ONE YEAR AND ONE DAY WITH 3 YEARS OF SUPERVISED RELEASE IS THE MOST APPROPRIATE SENTENCE**

As of his August 23, 2023 sentencing date Honorio will have credit for 290 days in custody which is almost 10 months.

Honorio understands the pain and suffering he has caused his family and friends by his conduct and the time he has spent in custody.

On August 21, 2023 3 letters from Honorio, Alma Perez, and Airam Lopez were delivered to U.S. Probation, the Government's attorney, and the Court and they document that Honorio returned to the U.S. to work because his daughter suffers from leukemia and Honorio is the only one that financially helps with taking care of the expenses for the treatment of his daughter. Additionally, Honorio's 80 year-old mother suffers from heart problems and Honorio is the only one who financially supports his mother. Honorio wife and children need and depend on his financial and emotional support. The letters state that Honorio is a very kind, dependable, hard-working, and outstanding individual.

Honorio requests that this Court impose a custodial sentence of 1 year and 1 day with 3 years of supervised release pursuant to a variance authorized by 18 U.S.C. §3553(a), either because Honorio has asked for it OR, preferably, because the Court *sua sponte* has found departures and/or a variance appropriate.

## II.

### SENTENCING REQUEST UNDER 18 U.S.C. 3553(A)

Title 18 U.S.C. 3553 (a) sets forth the factors a district court must consider when imposing a sentence upon a defendant. Section 3553 (a) mandates this Court to impose a sentence "*sufficient, but not greater than necessary,* to comply with the purposes set forth in paragraph (2)." 18 U.S.C. 3553 (a) (emphasis added). In this case, a balance of all these factors weigh in favor of a sentence of 1 year and 1 day with 3 years of supervised release for Honorio.

**A.     The Nature and Circumstances of the Offense and the History and Characteristics of Honorio.**

Section 3553 (a)(1) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant.

As for the nature and circumstances of this offense, on November 6, 2022 Honorio was found inside the U.S. after having been removed on November 7, 2022. Plea Agreement P. 3, ¶4;

As for his history and characteristics, Honorio's father is deceased and his mother lives In Sinaloa, Mexico, he has been in a relationship with Alma Perez for approximately 20 years, and he has a daughter names Jasmine age 20 from a previous relationship who was diagnosed with leukemia in 2017 and received chemotherapy for 2 years. PSR, P. 8, ¶3 and ¶35.

Honorio is in good physical health and is not taking prescribed medications. PSR P. 9, ¶37.

Honorio completed 6 years of schooling in Mexico. PSR, P. 9, ¶40.

Honorio worked in construction as a paver in Prescott, Arizona for 1 month in 2022. In Mexico, he worked in agriculture and as an electrician for 5 years. The previous presentence report indicates Honorio worked in agriculture since he was 14 years old and as a roofer in Phoenix, Arizona. Honorio also joined the Mexican army for 2 years at age 17. PSR, P. 9, ¶41.

Upon his release from custody Honorio would like to return to Sinaloa and work in agriculture. PSR, P. 9, ¶56.

Honorio was very cooperative and polite with the U.S. Probation Officer for his interview and during his meetings with undersigned counsel. While incarcerated he was always respectful and courteous to undersigned counsel.

**B.**     **The Requested Sentence Is Appropriate in Light of the Specific Needs Set Forth in 3553(a)(2).**

4

Subsection 2 of section 3553(a) requires the Court to consider the need for the sentence imposed to reflect the seriousness of the offense, respect for the law, a just punishment, to afford adequate deterrence to criminal conduct, to protect the public from future crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Here, the requested sentence of 1 year and 1 day with 3 years of supervised release is the most appropriate sentence in light of the above factors. It is highly unlikely Honorio will ever commit another crime again and he is not at risk to do so.

Honorio has had 290 days which is almost 10 months in custody to think about what he has done and he has learned his lesson. A day does not go by without his thinking about it.

**C.     The Requested Sentence is an Available Sentence.**

Section 3553(a)(3) requires the Court to consider the types of sentences available. In this case, the requested sentence of 1 year and 1 day with 3 years of supervised release is an available sentence. **The Plea Agreement allows Honorio to argue for a variance and also allows the Court to grant a variance *sua sponte*.** Plea Agreement P. 4 ¶3(c)(1).

**D.     The Guidelines Sentencing Range.**

Being that the Guidelines are only advisory, the focus of sentencing is to consider the Section 3553(a) factors and impose a reasonable sentence.

This Court must "**consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue**." *United States v. Gall,* 552 U.S. 38, 52 (2007) (quoting *Koon v. United States,* 518 U.S. 81, 113 (1996)). Pursuant to 18 U.S.C. 3553(a)(4), the guideline

sentencing range is but one of the factors that must be considered when determining the appropriate sentence.

**"The Guidelines are not only *not mandatory* on sentencing courts; they are also *not* to be *presumed* reasonable."** [Emphasis added] Nelson v. U.S., 555 U.S. 350, 352, 129 S.Ct. 890, 892 (2009).

According to U.S. Probation, Honorio should receive a sentence of 70 months pursuant to the plea agreement. U.S. Probation performed a guideline calculation that found a base offense level of 8, a 4 level increase was added because Honorio previously suffered a felony illegal reentry conviction, a 10 level increase was added for a December 17, 2004 manslaughter conviction for which he received a 10.5 year prison sentence, a 6 level increase was added for Honorio's felony conviction of possession with intent to distribute marijuana for which he received a sentence which exceeded one year and one month after having been previously ordered removed, and 3 levels were subtracted for acceptance of responsibility, a total offense level of 25, and a criminal history score of 8 with a criminal history category of IV. PSR. P. 4-5, ¶10-24; P. 7, 25-27.

The U.S. Probation Officer stated the Plea Agreement's range of imprisonment is 70-87 months considering the parties stipulated to a 2 level downward departure. PSR. P. 13.

**HONORIO'S GUIDELINE CALCULATION:**

**The Court may wish to consider giving Honorio a downward departure *sua sponte*.**

The Court may wish to consider a downward departure pursuant to U.S.S.G. §4A1.3(b) which states:

> "**(1)** Standard for Downward Departure.--If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted."

Honorio was thrust into Criminal History Category IV because U.S. Probation found his convictions added up to a criminal history score of six but noted Honorio committed the instant offense while under a criminal justice sentence for the possession with intent to distribute marijuana Case No.: CR-19-03112-001-TUC-DJH and therefore added two more points pursuant to USSG §4!1,1(d) which produced the criminal history score of 8 and therefore Criminal History Category IV. PSR, P. 7, 25-27.

But U.S. Probation already added 3 points to Honorio's criminal history score in the Case No.: CR-19-03112-001-TUC-DJH which results in Honorio's criminal history score being counted twice for different reasons for the same offense. PSR, P. 7, ¶24.

Had U.S. Probation not added those 2 points, Honorio would have a criminal history score of 6 which would have put him in Criminal History Category III.

Pursuant to the Plea Agreement (Doc. 30, P. 3b,) Honorio's outstanding petition to revoke his supervised release in Case No.: CR-19-03112-001-TUC-DJH will be dismissed at sentencing and his supervised release term will be terminated.

Placing Honorio in Criminal History Category IV substantially over-represents the seriousness of his criminal history and the likelihood that he will commit other crimes.

**Placing Honorio into Criminal History Category III for purposes of a guideline calculation/sentence with a Total Offense Level of 23 (considering 3 points for acceptance of responsibility and 2 fast track points) results in a range of 57-71 months.**

Other Factors Warranting a Variance:

In U.S. v. Ruff, 535 F.3d 999 (9th Cir. 2008) a variance was granted based in part upon the Defendant's family support.

In U.S. v. Schroeder, 536 F.3d 746 (7th Cir. 2008) a variance was granted based upon the effect of the Defendant's absence on a family member.

In U.S. v. Autery, 555 F.3d 864 (9th Cir. 2009) a variance was granted based upon the Defendant's positive characteristics, no history of substance abuse, and family support.

In U.S. v. Huckins, 529 F.3d 1312 (10th Cir. 2008) a variance was granted based upon the Defendant's remorse, Defendant worked to improve his life, and the Defendant maintained steady employment.

In. U.S. v. Martin, 520 F.3d 87 (1st Cir. 2008) a variance was granted based upon family support and potential for rehabilitation.

Similarly, as in the cases above, Honorio enjoys great support from his family and if he continues to be incarcerated his family and his children will suffer,

Honorio returned to the U.S. to work because his daughter suffers from leukemia and Honorio is the only one that financially helps with taking care of the expenses for the treatment of his daughter. Additionally, Honorio's 80 year-old mother suffers from heart problems and Honorio is the only one who financially supports his mother. Honorio's wife and children need and depend on his financial and emotional support. The letters state that Honorio is a very kind, dependable, hard-working, and outstanding individual. Honorio has many positive characteristics, he accepts responsibility for his conduct, and he is remorseful for his conduct.

In *United States v. Cook,* F.2d 149, 153 (9th Cir. 1991), the court stated that "[g]iven the Commission's acknowledgement of the 'vast range of human conduct' not encompassed by the Guidelines, a unique combination of factors may constitute the 'circumstance' that mitigates." *Id.* at 153.

Thus, this Court has the discretion to look at the facts unique to each case and to grant a variance from the applicable sentencing range in cases the Court deems to be appropriate.

**E.     Pertinent Policy Statements Weigh in Favor of a Lower Sentence.**

Section 3553(a)(5) requires this Court to consider pertinent policy statements when determining a reasonable sentence. The "overarching" policy in sentencing means that a district Court should "**impose a sentence sufficient, but not greater than necessary**" to reflect the factors outlined in 18 U.S.C. 3553(a). *United States v. Carty,* 520 F.3d 984, 991 (9th Cir. 2008).

As the Supreme Court explained in *Gall*, ***"[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue***." 128 S.Ct. at 598 (quoting *Koon v. United States,* 518 U.S. 81, 113 (1996)).

Looking at the individual (Honorio) before the Court, a sentence of time 1 year and 1 day with 3 years of supervised release is appropriate given Honorio's unique circumstances stated above.

**F.     The Need to Impose Restitution.**

Section 3553(a)(7) requires this Court to consider the need to provide restitution to any victim of the offense. Since this is a victimless crime, no restitution is warranted. PSR, P. 5, ¶14 and P. 11, ¶53 and ¶54.

**G.     The Applicability of a Departure.**

Honorio may move for a departure from the Sentencing Guidelines pursuant to the plea agreement. Plea Agreement P. 4, ¶3c(1).

9

Additionally, as undersigned counsel reads the Plea Agreement, there would be no provision that prevents the Court *sua sponte* from granting a departure pursuant to U.S.S.G. 5H1.6 Family Ties and Responsibilities and U.S.S.G. 5K2.0 Mitigating Circumstances which Honorio requests and/or requests the Court grant, *sua sponte*.

### III.

### CONCLUSION

It has been 290 days--almost 10 months since Honorio was most recently taken into custody on November 6, 2022. Since that time, he has had the opportunity to reflect upon his unlawful conduct and the impact his incarceration has had upon his, his family, his children, and his friends. Honorio accepts responsibility for his actions and makes no excuses. The loss of his freedom has affected him, his family, his children, and his friends as well. He understands he must face the consequences of his actions. For the reasons listed herein, a sentence of t1 year and 1 day with 3 years of supervised release is the most reasonable sentence in this case.

Dated: August 21, 2023                              LAW OFFICE OF MARK L. WILLIAMS

                                                                        /s/*Mark L. Williams*
                                                                        Mark L. Williams, Esq.
                                                                        Attorney for Defendant

COPY of the foregoing served electronically or by other means this 21st day of August, 2023 to:

United States Attorney's Office
Attn: William Jon-Vincent Lichvar, AUSA
2 Renaissance Square
40 N. Central Ave., Ste. 1800
Phoenix, AZ 85004-4408